# Supreme Court of Texas

════════════

No. 25-0307

════════════

In re S.G. and D.G.,

*Relators*

════════════════════════

On Petition for Writ of Mandamus

════════════════════════

JUSTICE YOUNG, with whom Justice Lehrmann and Justice Busby join, concurring in the denial of the petition for writ of mandamus.

Every court order should be expressed with maximum clarity, but clarity is especially important for orders that define the authority of adults who care for children whose parents no longer can do so. Unlike in commercial disputes, where interest on a judgment can remedy delay, there is no way to turn back the clock and restore a childhood. Every minute is precious. For children unfortunate enough to be brought within the judicial system, courts must make all sorts of determinations, including imposing conditions on access to the children. Relators S.G. and D.G. are the grandparents and conservators of such a child. They plausibly argue that the trial court imposed an insurmountable hurdle by conditioning visitation on their granddaughter's agreement yet providing no way to contact her, making the court order essentially meaningless.

Primarily because trial is scheduled for less than a month from now and will allow the trial court to reconsider and finalize its orders, I

agree with the Court's decision to deny the mandamus petition. Those final orders, whatever they may turn out to be, should be both legally correct and as clear as possible. Not just in this case, either; I write briefly and separately to note that, if conditions in future cases are crafted in ways like they were here, the appellate courts—and perhaps this Court—should be prepared to speedily review them.

\* \* \*

E.G.S.N.'s parents died in a car crash when she was about eight months old. That tragedy was followed by another—a custody battle between her maternal grandparents and her paternal aunt and her husband. After a jury trial, all four parties were appointed nonparent joint managing conservators, with the aunt given the right to designate E.G.S.N.'s primary residence. A few years later, the aunt and uncle adopted E.G.S.N. Following years of further litigation, the adoptive parents filed a petition to modify the parent–child relationship in which they asked the court to remove the grandparents as conservators.

Fit parents may generally direct their children's upbringing without the interference of others, whether relatives or strangers. I express no view of whether or how this case may differ from the norm. Two points matter now. First, in October 2024 the court issued temporary orders providing that the grandparents "shall be limited to visitation with the child that is agreed to between the child and" the grandparents—not agreed to between the adoptive parents and the grandparents. Second, the adoptive parents amended their petition and no longer seek removal of the grandparents as conservators. Instead, they assert that the "possession schedule with the child should be based on a 'teenager clause' whereby the child must agree on the periods of possession she has with" the grandparents.

2

The grandparents filed a mandamus petition in the court of appeals challenging the temporary orders. The court of appeals denied the petition without explanation. *In re S.G.*, No. 02-25-00044-CV, 2025 WL 818772, at *1 (Tex. App.—Fort Worth Mar. 14, 2025). The grandparents then sought mandamus relief in this Court.

The grandparents argue that the temporary orders effectively deny them possession of and access to the child because, among other reasons, the grandparents cannot contact E.G.S.N. to arrange visitation. According to the grandparents, they do not have E.G.S.N.'s cell-phone number, the child's adoptive mother has blocked them on her cell phone, and she has not given the grandparents' phone numbers to E.G.S.N. That seemingly leaves the grandparents in a Catch-22—they cannot visit the child without her agreement, but neither the court nor the adoptive parents have given them a way to communicate with the child, obtain her agreement, or know her views. Notably, in their response to the mandamus petition, the adoptive parents do not dispute these facts or explain how the grandparents could exercise their visitation rights without a way to contact E.G.S.N.

The mandamus petition is not frivolous. Anyone placing themselves in the grandparents' position should be able to acknowledge the frustration that would follow from the trial court's temporary orders. The final trial of the underlying case, however, is set for September 23, 2025. The grandparents recently filed a motion to stay those proceedings, warning that a final ruling could moot this original proceeding.

In my view, however, a speedy and final disposition in the trial court is in everyone's interests. It will bring this entire dispute one step

3

closer to resolution. Assuming, as all parties apparently do, that the grandparents have a right to access to E.G.S.N. as conservators, the trial will give the grandparents an opportunity to present evidence that the trial court's temporary orders have effectively denied them that right. The court's final ruling should, and presumably will, avoid any problems that attended the temporary orders (and create no new problems, either). If the grandparents are dissatisfied, they may pursue an appeal—one that, mindful of the ticking clock, should proceed expeditiously. Mandamus relief is available in proper cases but is always an "extraordinary remedy." *In re Walker*, 683 S.W.3d 400, 402 (Tex. 2024). The impending final orders displace the need for mandamus relief here.

I emphasize that "this Court's failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available." *In re AIU Ins. Co.*, 148 S.W.3d 109, 119 (Tex. 2004). Without expressing any view on the merits of the petition or the underlying case, therefore, I am confident that the trial court will proceed expeditiously and will refrain from saddling any party with conditions that are illusory or insufficiently clear. With these observations, I concur in the denial of the mandamus petition.

Evan A. Young
Justice

**OPINION FILED:** August 29, 2025

4